Monroe Special Term, September, 1847.    *Welles,* Justice.

### Gunn *vs.* Blair and Gunn.

An amendment of an injunction bill will not be permitted unless a sufficient reason is shown why the matters stated in the proposed amendments were not inserted in the original bill; nor unless the proposed amendments are verified by oath, as the bill is required to be verified.

An affidavit of the complainant stating that she is advised by counsel, and verily believes it to be true, that it is important and necessary, in order to protect her rights fully, and to enable the court to do justice in the premises, that her bill should be amended as proposed, is not a sufficient verification of the amendments.

In Equity. Motion for leave to amend bill of complaint. The bill in this case was filed about the 3d day of June, 1844, before the vice chancellor of the eighth circuit, upon which an *injunction* and a *ne exeat* were issued against the defendant Blair; both of which were served upon him. He gave the requisite security on the *ne exeat*, and soon after removed from this state to the territory of Wisconsin, where he now resides. The bill did not show that the defendants, or either of them, at

the time of the commencement of the suit, resided within the eighth circuit; and no fact was stated in the bill which could give the vice chancellor of that circuit original jurisdiction of the subject matter. The defendant Blair put in his answer in August, 1844. The plaintiff put in her replication in September, 1844, and an order to produce witnesses was entered by the solicitor for Blair, and served in July, 1845. No steps had been taken in the cause by either party, since July, 1845, with a view to expedite its progress. The defendant Gunn had suffered the bill to be taken as confessed against him. The plaintiff now moved to amend the bill, by striking out about fifteen folios thereof and inserting about seventeen folios of new matter, materially changing the case, and which would probably require a new or further answer. The proposed amendments contained statements which it was contended would, if allowed and inserted in the bill, show a case over which the vice chancellor would have jurisdiction.

*H. R. Selden*, for the plaintiff.

*George Willson, 2d*, for the defendant Blair.

WELLES, J. The delay in the progress of the suit, and in making this application, is accounted for by the plaintiff upon the ground of negotiations between the parties for a settlement, which were not put an end to until August last. It would seem, from the affidavits read, that both parties were willing to avoid a protracted and expensive litigation of the matters involved; and with that view, several attempts for a settlement were made. The counsel for the defendant Blair, swears that in June, 1847, he (Blair) and his counsel had an interview, at Canandaigua, with the counsel for the plaintiff, and her husband, which resulted in a failure to settle. If the defendant was anxious to speed the cause, it was in his power to do so equally with the plaintiff. I shall therefore regard the motion to amend, the same as if made at the first opportunity,

Gunn v. Blair.

after the order to produce witnesses was served on the plaintiff's solicitor.

There are, however, insuperable difficulties upon these papers in the way of granting this motion. 1. No reason is shown why the matters stated in the proposed amendments were not inserted in the original bill. The plaintiff does not state her ignorance of their existence at the time the bill was filed, or that they have come to her knowledge since. If she knew of them, they should have been inserted, or a reasonable excuse shown now, for the omission. As this was an injunction bill, the objection is fatal to the present motion. (*Rodgers* v. *Rodgers*, 1 *Paige's Rep.* 424. *Whitmarsh* v. *Campbell*, 2 *Id.* 67. *Verplank* v. *Mercantile Ins. Co. of N. Y.*, 1 *Edw. Ch. Rep.* 46.) 2. By rule 43 of the court of chancery, providing for amendments to bills, it is declared : " He (the complainant) may also amend sworn bills, except injunction bills, in the same manner, if the amendments are merely in addition to, and not inconsistent with, what is contained in the original bill ; *such amendments being verified by oath, as the bill is required to be verified.*" The same provision is retained in the 34th rule of this court. I am not aware that this requirement has ever been dispensed with in practice, in cases of sworn bills. (*See the cases last cited.*) The amendments proposed in this case are not sworn to, or otherwise verified. The nearest any thing in the papers comes to it, is the following clause in the plaintiff's affidavit : " This deponent further saith, that she is advised by her counsel, and verily believes it to be true, that it is important and necessary, in order to protect her rights fully, and enable the court to do justice in the premises, that her said bill of complaint should be amended in several particulars, as follows." The affidavit then proceeds with the matters proposed to be inserted by way of amendment.

This falls very far short of verifying the amendments, by oath, as the bill is required to be verified. The motion to amend is, therefore, denied, with $10 costs, but without prejudice, &c.